# UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
    Plaintiff

v.                                           Case Number 4:00cr353-001
                                           USM Number 17005-047

**JAMES S. NOVAK**
    **Defendant**

                                           ADAM J. SIPPLE
                                           Defendant's Attorney

_____
## JUDGMENT IN A CRIMINAL CASE
(For Revocation of Probation or Supervised Release)

**THE DEFENDANT** admitted guilt to violation of a mandatory condition of the term of supervision.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1. Mandatory condition | The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two period drug tests thereafter. | May 24, 2006 |

Original Offense: Mail Fraud in violation of 18 USC 1341

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Allegations 2, 3, and 4 of the Amended Petition for Offender Under Supervision are dismissed on the motion of the United States.

Following the imposition of sentence, the Court advised the defendant of the right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

                                                           Date of Imposition of Sentence:
                                                           October 31, 2007

                                                           s/ *Richard G. Kopf*
                                                           United States District Judge
                                                           November 1, 2007

## IMPRISONMENT

     The defendant's term of supervised release is revoked. The defendant is hereby committed to the custody of the United States Marshal for a period of time served.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this ____ day of _____, _____

_____  
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the ____ day of _____, _____ to _____, with a certified copy of this judgment.

_____  
UNITED STATES WARDEN

By:_____

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt , above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this ____ day of _____, _____

_____  
UNITED STATES WARDEN

By:_____

# SUPERVISED RELEASE

Starting today, the defendant shall be on supervised release for a term of **twenty-four (24) months.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two period drug tests thereafter.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with any additional conditions.

# STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. Paragraph # 7 of the Standard Conditions of Supervision is modified, i.e., instead of merely refraining from excessive use of alcohol, the defendant shall not purchase or possess, use, distribute or administer any alcohol, just the same as any other narcotic or controlled substance.

2. Defendant shall be subject to the search of the defendant's premises, vehicle or person, day or night, with or without a warrant, at the request of the U.S. Probation Officer to determine the presence of alcohol and/or controlled substances, firearms or any other contraband. Any such items found may be seized by the U.S. Probation Officer. This condition may be invoked with or without the cooperation of law enforcement officers.

3. The defendant shall attend, pay for and successfully complete any diagnostic evaluation, treatment or counseling program, or approved support groups (e.g., AA/NA) for alcohol and/or controlled substance abuse, as directed by the U.S. Probation Officer.

4. Defendant is prohibited from incurring new credit charges or opening additional lines of credit without prior written approval of the U.S. Probation Officer.

5. Defendant shall provide the U.S. Probation Officer with access to any requested financial information.

6. The defendant shall maintain proper debit, credit, and receipt ledgers for all business and personal transactions. These records shall be made available as requested by the probation officer.

7. Defendant shall not make application for any loan, enter into any credit arrangement, or enter into any residential or business lease agreement without approval of the probation officer.

8. Defendant shall maintain no more than one savings, checking, or credit card account from which to conduct financial transactions.

9. Defendant shall file of all delinquent tax returns, specifically for the years 1994, 1995, 1996, 1997, and 1998 within 180 days of imposition of sentence and make regular and periodic payments on any outstanding balance due. The defendant shall also be ordered to file all tax returns that may become due while she is on supervised release.

10. Defendant shall be restricted from providing financial gifts to any person or paying any credit cards or other debts for which she is not obligated.

11. Defendant shall be ordered to provide the government a signed financial statement on an annual basis on or about January 1 of each year.

12. Pursuant to 18 U.S.C. § 3583 (d), defendant shall submit to a drug test within fifteen (15) days of release on Supervised Release and at least two (2) periodic drug tests thereafter to determine whether the defendant is using a controlled substance. Further, defendant shall submit to such testing as requested by any U.S. Probation Officer to detect the presence of alcohol or controlled substances in the defendant's body fluids and to determine whether the defendant has used any of those substances. Defendant shall pay for the collection of urine samples to be tested for the presence of alcohol and/or controlled substances.

13. Defendant shall provide, either audited or unaudited, financial statements to the probation officer or to the office of the U. S. Attorney if requested.

14. Defendant shall not continue to use the substance known as Marinol, also known as THC, by prescription unless and until he seeks an order from the Court permitting him to do so and the Court issues such an order. The Court contemplates that if such a request is made, that Mr. Novak will be entitled to a hearing and he will be obligated to show that there is no appropriate substitute for Marinol.

15. Defendant shall report to the Supervision Unit of the U.S. Probation Office in the district in which he is released or alternatively, in the District of Nebraska between the hours of 8:00am and 4:30pm, 100 Centennial Mall North, 530 U.S. Courthouse, Lincoln, Nebraska, 68508, (402) 437-5223, within seventy-two (72) hours of release from confinement.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| **$100.00** | | **$873,295.63** |

## FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of **$873,295.63** is hereby ordered. The defendant shall make restitution to the following payees in the amounts listed on the following two pages.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| Frank Acker | $4,322.00 | $4,322.00 |
| Joanna Armstrong | $13,688.59 | $13,688.59 |
| Ruth Ascher | $33,289.92 | $33,289.92 |
| Robert Ayers | $1,603.20 | $1,603.20 |
| Warren Bachschmidt | $8,901.40 | $8,901.40 |
| Kenneth Baker | $1,811.00 | $1,811.00 |
| John Barba | $10,171.08 | $10,171.08 |
| Walter Beyer | $174,876.04 | $174,876.04 |
| Harry Bland | $5,125.52 | $5,125.52 |
| Arthur Breyer | $5,872.33 | $5,872.33 |
| Edna Buerglar | $17,080.71 | $17,080.71 |
| Winifred Butler | $22,026.88 | $22,026.88 |
| Russell Daulton | $10,033.03 | $10,033.03 |
| Francis Dixon | $44,060.00 | $44,060.00 |
| Ellinor Dunn | $1,307.30 | $1,307.30 |
| Mavis Emminger | $3,705.04 | $3,705.04 |
| Estelle Engel | $2,595.78 | $2,595.78 |
| Howard Finke | $119,995.96 | $119,995.96 |
| Joe Gibson | $1,450.00 | $1,450.00 |
| Earl Glauser | $30,645.00 | $30,645.00 |
| Robert Graner | $7,228.80 | $7,228.80 |
| Delbert Harris | $1,818.00 | $1,818.00 |
| Anne Havinga | $3,853.00 | $3,853.00 |
| Jewel Hoppe | $16,708.08 | $16,708.08 |
| Gayle Hudson | $1,490.00 | $1,490.00 |
| Frank Jones | $36,277.00 | $36,277.00 |
| Heinz Karls | $2,666.85 | $2,666.85 |
| Malcolm Kelly | $2,935.00 | $2,935.00 |
| Ralph Mathews | $27,534.79 | $27,534.79 |
| Eula Metcalf | $2,561.00 | $2,561.00 |

| | | |
|---|---|---|
| Lillian Mae Michel | $19,717.62 | $19,717.62 |
| Ralph Miserendino | $5,106.00 | $5,106.00 |
| Alice Moore | $10,000.00 | $10,000.00 |
| Gladys Moore | $2,595.78 | $2,595.78 |
| Dwight Nook | $1,562.48 | $1,562.48 |
| Audrey O'Conner | $1,738.98 | $1,738.98 |
| Sally Perkins | $17,000.00 | $17,000.00 |
| Bert Phillips | $2,821.00 | $2,821.00 |
| Benjamin Resnick | $70,000.00 | $70,000.00 |
| Gertrude Rhuda | $14,598.77 | $14,598.77 |
| Virginia Riordan | $10,232.70 | $10,232.70 |
| Neil Rippe | $1,496.40 | $1,496.40 |
| Emery Robotham | $9,609.88 | $9,609.88 |
| Walter Sanford | $5,222.02 | $5,222.02 |
| Shirley Schakel | $6,842.00 | $6,842.00 |
| Ray Schmutz | $2,817.00 | $2,817.00 |
| Charlotte Schwartz | $2,774.28 | $2,774.28 |
| Arthur Siebelist | $20,000.00 | $20,.000.00 |
| Dorsey Swanson | $12,006.00 | $12,006.00 |
| Anne Thomas | $24,562.00 | $24,562.00 |
| Joan Turnquist | $49,109.71 | $49,109.71 |
| Roy Weikert | $145,439.90 | $145,439.90 |
| Delores Weston | $4,867.22 | $4,867.22 |
| Beula Worthman | $16,980.04 | $16,980.04 |
| Leo Zilmer | $20,562.55 | $20,562.55 |
| **Totals** | $1,073,295.63 | $1,073,315.63 |
| Patti Novak Restitution | | -   120,000.00 |
| Government Seizure | | -   100,000.00 |
| **TOTAL RESTITUTION** | | $    873,295.63 |

\*\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay; payment of the total criminal monetary penalties shall be due as follows:

Lump sum payment of $ 100.00 special assessment due immediately.

Restitution shall be made in accordance with the stipulation of the parties in the amount of $873,295.63 to be disbursed on a pro-rata basis to the victims listed in the Stipulation with the exception the clerk will have the discretion not to make a payment to a particular victim unless that payment would amount to $10 or more. Restitution shall be paid jointly and severally with co-defendant Kim K. Novak. Restitution should also be paid jointly and severally with Patti J. Novak to the extent that she was ordered to pay $120,000 in restitution. Defendant is ordered to make installments towards any unpaid balance(s) of any criminal monetary penalty (i.e., Special Assessment, restitution, fine and other criminal monetary penalty ordered by the court) as follows:

During the defendant's term of incarceration, the defendant will pay 50% of his prison earnings towards his outstanding criminal monetary penalty.

Following release from incarceration, defendant will make payments to satisfy the criminal monetary penalty in monthly installments of $500 or 25% of non exempt disposable earnings, whichever is greater, as restitution and agrees to the entry of a garnishment order upon the initiation of supervised release. The defendant further agreed pursuant to the plea agreement to waive the limitations on head of household garnishment located at 28 U.S.C. 3205. In addition, any amount of income above the basic cost of living expenses shall be paid towards the defendant's criminal monetary penalty. The first payment commencing 30 days following the defendant's discharge from incarceration and every thirty days thereafter until the criminal monetary penalty is paid in full. Defendant shall be responsible for providing proof of payment to the U.S. Probation Officer as directed.

Restitution will not bear interest in this Court.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer or the United States attorney.

All financial penalty payments are to be made to the Clerk of Court for the District of Nebraska, 593 Federal Building, 100 Centennial Mall North, Lincoln, NE 68508.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall forfeit the defendant's interest in the following property to the United States:

    a.    Any and all funds in account number 7269129 and 609005 in the Security National Bank, Omaha, Nebraska, including $28,685.25 and $18,150.68, respectively, that was previously received.

    b.    $3,800 in cash seized from James S. Novak and Kim K. Novak.

    c.    221 silver American Eagles seized from Shane Reedy

    d.    3588 silver American Eagles received from Robert Bordy and Stern and Edwards.

    e.    875 silver American Eagles and 53 gold American eagles received from Continental Bullion's account at Loomis Fargo and Co.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk